NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR AUGUSTO ZUNUN-VAZQUEZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 15-70506 Agency No. A095-807-091 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Cesar Augusto Zunun-Vazquez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

As to asylum, we lack jurisdiction to consider Zunun-Vazquez's contentions that he failed to raise to the agency, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency), and Zunun-Vazquez does not contend the BIA erred in finding that his asylum claim was not properly before it, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

As to withholding of removal, substantial evidence supports the agency's determination that Zunun-Vazquez failed to establish that his past harm rose to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (persecution is an "extreme concept" that includes the "infliction of suffering or harm"); *see also INS. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it[.]"). Substantial evidence supports the agency's conclusion that Zunun-Vazquez failed to establish an objectively reasonable fear of future persecution in Mexico. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Zunun-Vazquez's withholding of removal claim fails. In light of this disposition, we do not reach

Zunun-Vazquez's remaining contentions regarding the merits of his withholding of removal claim. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT relief because Zunun-Vazquez failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The record does not support Zunun-Vazquez's contentions that the BIA failed to consider evidence, ignored arguments, or otherwise erred in its analysis of his claims. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**